1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

MELVIN JAMES BLAKE,                    1: 06 CV 01720 LJO WMW HC

              Petitioner,           ORDER DIRECTING CLERK OF COURT TO
                            CORRECT RESPONDENT

    v.                                 ORDER REQUIRING RESPONDENT TO FILE
                            RESPONSIVE PLEADING

CALIFORNIA BOARD OF PRISON TERMS, ORDER SETTING BRIEFING SCHEDULE

                            ORDER DIRECTING CLERK OF COURT TO
            Respondent.             SERVE DOCUMENTS
_____/

18
19
20

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. Section 2254.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

"day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

1  1992); <u>see</u>, <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994)In this case,

2  petitioner names the California Board of Prison Terms as Respondent.  Petitioner is incarcerated at

3  Avenal State Prison, where Kathy Mendoza - Powers is the warden.  Accordingly, the Clerk of the

4  Court is HEREBY DIRECTED to correct the respondent in this case to Kathy Mendoza - Powers.

5

6        The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to Rule

7  4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1]

8  the Court HEREBY ORDERS:

9        1.    Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the following:

10            A.  AN ANSWER addressing the merits of the Petition and due within **NINETY (90)**

11                days of the *date of service* of this order.  Rule 4, Rules Governing Section 2254

12                Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has

13                discretion to fix time for filing an Answer.).

14            –   Respondent SHALL INCLUDE with the Answer any and all transcripts or other

15                documents necessary for the resolution of the issues presented in the Petition.

16                Rule 5 of the Rules Governing Section 2254 Cases.

17            –   Any argument by Respondent that Petitioner has *procedurally defaulted* a

18                claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the

19                claims asserted. This is to enable the Court to determine whether Petitioner meets

20                an exception to procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th

21                Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve

22                the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the

23                question that it is more likely than not that no reasonable juror fairly considering

24                all the evidence, including the new evidence, would have found Petitioner guilty

25

26            [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice
    in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil
27  actions." Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not
    inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."  Rule 11, Rules
28  Governing Section 2254 Cases.

beyond a reasonable doubt necessarily requires a review of the merits).

– Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2]

(1) EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings relevant to the examination of the statute limitations issue as required by <u>Ford v. Hubbard</u>, 330 F.3d 1086 (9th Cir. 2003) and  <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003);

(2) STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

(3) SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing. Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3.   Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.   RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  <u>See</u>, Local Rule 83-182(a), 5-135(c).

5.   The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a PDF-form copy of the PETITION and any exhibits/attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    April 20, 2007            /s/  William M. Wunderlich**
                              UNITED STATES MAGISTRATE JUDGE