UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JAMES BLAKE, | 1: 06 CV 01720 LJO WMW HC |
| Petitioner, | |
| | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 10] |
| CALIFORNIA BOARD OF PRISON TERMS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. In this petition, Petitioner challenges the October 23, 2002 decision by the Board of Parole Hearings ("the Board") finding him unsuitable for parole. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner had a parole hearing on October 23, 2002. The Board found Petitioner unsuitable for parole. The decision became final on November 19, 2002.

Petitioner filed an administrative appeal challenging the Board's decision. The appeal was

denied on July 8, 2003.

On July 26, 2005, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court challenging the Board's October 2002 decision. The Fresno County Superior Court ordered that the petition be transferred to the San Diego County Superior Court. The San Diego Superior Court denied the petition on October 13, 2005.

On December 30, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court challenging the Board's October 2002 decision. The California Supreme Court summarily denied the petition on September 27, 2006.

On November 20, 2006, Petitioner filed the present petition in this court.

## DISCUSSION

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Avenal State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the AEDPA's one-year statute of limitations.  Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Noting that the one-year statute of limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), Respondent argues that the triggering event for the statute of limitations in this case is the decision denying Petitioner's administrative appeal. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied). Respondent concludes, therefore, that the statute of limitations began running the following day on July 9, 2003, and expired on July 9, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

1  challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846
2  (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
3  1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a
4  petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
5  claims to the state courts first and will prevent the premature filing of federal petitions out of concern
6  that the limitation period will end before all claims can be presented to the state supreme court.  Id.
7  at 1005.  Respondent argues that in this case, Petitioner is not entitled to statutory tolling during the
8  pendency of the two state court petitions because both of these petitions were filed over a year after
9  the statute of limitations expired.  See Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)
10 (petitioner is not entitled to tolling where the limitations period has already run).

11     In response, Petitioner claims that he was not informed of the decision on his appeal until
12 April 16, 2004.  He contends, therefore, that he is entitled to equitable tolling of the statute of
13 limitations from July 9, 2003, until April 16, 2004, based on a state-created impediment.

14     The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
15 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
16 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
17 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.
18 United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*
19 *by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
20 "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
21 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
22 time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
23 file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

The court finds that even assuming, which it does not, that Petitioner is entitled to equitable tolling from July 9, 2003, until April 16, 2004, this petition is untimely.  If, as Petitioner suggests, the statute began running on April 17, 2004, it necessarily expired on April 16, 2005.  Petitioner did not file his first state habeas corpus petition until July 26, 2005, after the one-year statute of limitations would have expired under the equitable tolling scenario.  The state petition thus had no statutory tolling effect.  Therefore, the court finds that even giving Petitioner the benefit of his equitable tolling argument, the present petition, filed November 29, 2006, is untimely and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   Respondent's motion to dismiss is GRANTED;

2)   This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

3)      A certificate of appealability is DENIED; and

4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    February 28, 2008**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE